UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

Criminal Case Number: 2:12-cr-0088-2

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**2. PATRICK MAXFIELD,**

Defendant.

## MOTION TO SUPPRESS STATEMENTS

Comes now the Defendant, Patrick Maxfield, by and through his attorney, Harvey A. Steinberg, of the law firm Springer and Steinberg, P.C., and hereby moves this Court for the entry of an Order suppressing from use as evidence at trial any statements made by this Defendant to law enforcement agents during the course of their investigation or following his arrest.

**AS GROUNDS THEREFOR,** the Defendant states and alleges as follows:

1. The Defendant is alleged to have made statements to law enforcement in this case. The Defendant submits that he made no statements voluntarily and any statements he is alleged to have made were not made after a knowing and intelligent waiver.

2. These statements, confessions, admissions or tacit admissions attributed to or made by the Defendant are the result of an illegal arrest and unlawful search and seizure, were involuntary and were made prior to a properly executed waiver of his

constitutional rights as embodied in the Fifth and Sixth Amendments to the United States Constitution. Further these statements were made in violation of the holding of *Miranda v. Arizona*, 384 U.S. 436 (1966) and its progeny.

3. However, even when a defendant's *Miranda* rights are not violated, the court must still conduct a Fifth Amendment inquiry into the voluntariness of any statement before it is admissible at trial. *United States v. Murphey*, 763 F.2d 202, 205 (6th Cir. 1985). This is premised upon the Due Process and Fourteenth Amendment concerns that involuntary statements be excluded because our legal system "is an accusatorial and not an inquisitorial system." *Rogers v. Richmond*, 365 U.S. 534, 541 (1961).

4. To permit the presentation of an involuntary statement against a defendant at trial, would deprive him of his due process of law. *Jackson v. Denno*, 378 U.S. 368, 376 (1964). For a confession "must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *Bramm v. United States*, 168 U.S. 532, 542-43 (1897).

5. In evaluating the voluntariness of a defendant's statement, the inquiry is whether the statement was extracted by a direct or implied promise by government personnel. *Malloy v. Hogan*, 378 U.S. 1 (1963); *Brady v. United States*, 397 U.S. 742 (1970). See also, *Hutto v. Ross*, 429 U.S. 28 (1976). This is done by looking at the totality of the circumstances. *Foster v. Wolfenbarger*, 687 F.3d 702, 706 (6th Cir. 2012). In this regard, a promise of leniency is relevant to determining whether a confession was voluntary and, depending on the totality of the circumstances, may render a confession

coerced. *United States v. Stokes*, 631 F.3d 802, 808 (6th Cir. 2011). See also, *United States v. Wiley*, 132 Fed.Appx 634, 640 (6th Cir. 2005).

6. Factors to be considered when evaluating the voluntariness of a statement include: (1) age, intelligence, and education of the defendant; (2) the length of any detention; (3) the length and nature of questioning; (4) whether the defendant was advised of his constitutional rights; (5) whether the defendant was subjected to any physical punishment; and (6) the tactics, if any, employed by the officers. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973).

7. To introduce the statements against the Defendant, the government must independently establish that those statements were made by the Defendant voluntarily. *United States v. Brown*, 557 F.2d 541, 554 (6th Cir. 1977). A defendant's statement to law enforcement personnel may be challenged on the grounds that it was not voluntarily made. See, e.g., *Arizona v. Fulminante*, 499 U.S. 279, 287-291 (1991).

8. This rule has its source in the Due Process Clause of the United States Constitution. U.S. CONST. amend. XIV. Involuntary statements are excluded from evidence:

> not because such confessions are unlikely to be true but because the methods used to extract them offend an underlying principle in the enforcement of our criminal law: that ours is an accusatorial and not an inquisitorial system – a system in which the State must establish guilt by evidence independently and freely secured and may not by coercion prove its charge against an accused out of his own mouth.

*Rogers v. Richmond*, 365 U.S. 534, 541 (1961). A defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary statement, without regard for the truth or falsity of the statement, and even

though there is ample evidence aside from the statement to support the conviction. *Jackson v. Denno*, 378 U.S. 368, 376 (1964).

9. The Defendant moves this Court to suppress statements and further requests an evidentiary hearing on this motion.

**WHEREFORE**, the Defendant requests that the relief requested be granted, that any derivative evidence be suppressed, that the Court grant a hearing on the issue of "voluntariness" pursuant to 18 U.S.C. § 3501, and for any further relief that this Court may deem just and proper in the premises.

Dated this 31st day of January, 2013.

        Respectfully submitted,
        s/Harvey A. Steinberg
        Harvey A. Steinberg
        Springer & Steinberg, P.C.
        Attorneys for Patrick Maxfield
        1600 Broadway, Suite 1200
        Denver, CO 80202
        (303)861-2800 Telephone
        (303)832-7116 Telecopier
        law@springersteinberg.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2013, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Helen Smith**
Email: helen.smith@usdoj.gov

                                              s/Hope Del Rio
                                              Hope Del Rio
                                              for Harvey A. Steinberg
                                              Springer and Steinberg, P.C.
                                              Attorneys for Patrick Maxfield
                                              1600 Broadway, Suite 1200
                                              Denver, CO 80202
                                              (303)861-2800 Telephone
                                              (303)832-7116 Telecopier
                                              law@springersteinberg.com