UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

Criminal Case Number: 2:12-r-0088-2

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**2.   PATRICK MAXFIELD,**

Defendant.

### DEFENDANT'S MOTION FOR PRODUCTION OF *BRUTON* AND RULE 801(d)(2)(E) MATERIALS AND MOTION FOR PRETRIAL *JAMES* DETERMINATION OF ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS

Comes now the Defendant, Patrick Maxfield, by and through his attorney, Harvey A. Steinberg, of the law firm of Springer and Steinberg, P.C., and pursuant to F.R.Crim.P. 12, Federal Rule of Evidence 801(d)(2)(E), and *Bruton v. United States*, 391 U.S. 123 (1968), hereby moves this Honorable Court for the entry of an Order requiring the Government to produce any and all evidence regarding statements of any co-defendant, charged or uncharged co-conspirator, or alleged accomplice in this case. The Defendant further moves for a pretrial determination of the admissibility of any alleged co-conspirator statements which the Government intends to offer at trial.

**AS GROUNDS THEREFOR**, the Defendant states as follows:

1. The Defendant is charged by Indictment with, among other things, conspiracy to child pornography and conspiracy to transport, distribute, and receive child pornography.

2. It is anticipated that the Government will assert that indicted and unindicted individuals were co-conspirators with the Defendant in the illegal activity that is alleged in the Indictment.

3. The Defendant requests an Order directing the prosecution to disclose any and all evidence regarding statements of any co-defendant, any charged or uncharged co-conspirator, or any alleged accomplice in this case so that the Court may resolve questions of admissibility.

4. In order for any alleged co-conspirator statements to be admissible, the prosecution must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the statement is to be admitted was a member of the conspiracy, and that the co-conspirator statements were made during the course of and in furtherance of the conspiracy. *United States v. Peterson*, 611 F.2d 1313 (10th Cir. 1979); *United States v. Gajo*, 290 F.3d 922 (7th Cir. 2002); Fed.R.Evid. 801(d)(2)(e); *United States v. Arias*, 252 F.3d 973, 976 (8th Cir. 2001).

5. Pursuant to *United States v. James*, 590 F.2d 575 (5th Cir., 1979), the Defendant moves the Court to conduct a pretrial evidentiary hearing to determine the admissibility of any statements by alleged co-conspirators. Notwithstanding paragraph X of Magistrate Judge Inman's November 8, 2012 *Order on Discovery and Scheduling* (Doc. 12) and the United States Supreme Court decisions in *Bourjaily v. United States*, 483 U.S. 171 (1987) and *United States v. Inadi*, 475 U.S. 357, 394 (1986), the Defendant submits that a pretrial hearing at which the government must adduce evidence that a conspiracy

existed, that the Defendant was a part of the conspiracy, and that the proffered statements were made in the course of and in furtherance of the conspiracy would enhance the orderly progression of this case and avoid potential confusion at trial.

6. A pretrial determination of the admissibility of such statements will insure: 1) that these statements are clearly identified prior to trial, 2) that all counsel have adequate opportunity to stipulate to the admissibility of these statements or to litigate their admissibility, and 3) that this court has sufficient time and information for research, reflection, and a determination of the admissibility of Rule 801(d)(2)(E) statements. *See Bourjaily v. United States*, *supra*; *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 455 (1994).

7. Such pretrial determination of the admissibility of Rule 801(d)(2)(E) statements has been specifically approved by the Sixth Circuit. "One acceptable method is the so-called "mini-hearing" in which the court, without a jury, hears the government's proof of conspiracy and makes the preliminary Enright finding." *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979).

8. To fully and effectively prepare to meet any government arguments for the admissibility of statements against him pursuant to Federal Rule of Evidence 801(d)(2)(E), the Defendant request that he be apprised of those statements the government seeks to introduce pursuant to Rule 801(d)(2)(E) in advance of the *James* hearing. The admissibility of any statements produced or designated can

be litigated at the substantive motions hearing or such other time as the Court deems appropriate after affording notice to the parties.

**WHEREFORE**, the Defendant prays that the relief requested be granted, and for such further relief as the court may deem just and proper.

Dated this 31st day of January, 2013.

Respectfully submitted,

Respectfully submitted,
s/Harvey A. Steinberg
Harvey A. Steinberg
Springer & Steinberg, P.C.
Attorneys for Patrick Maxfield
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springersteinberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2013, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Helen Smith**
Email: helen.smith@usdoj.gov

s/Hope Del Rio
Hope Del Rio
for Harvey A. Steinberg
Springer and Steinberg, P.C.
Attorneys for Patrick Maxfield
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springersteinberg.com