# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:12-cr-88 |
| | ) |
| PATRICK MULLANE MAXFIELD | ) Judge Greer |

## UNITED STATES RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

The United States of America, by and through William C. Killian, United States Attorney for the Eastern District of Tennessee, responds in opposition to the defendant's motion to suppress statements he made to law enforcement officers (docketed at D. 26). In opposition to the defendant's motion, the United States asserts as follows.

1. While the ultimate test of admissibility of a confession is its voluntariness, there are many factors and circumstances that interact in enabling a court to reach that determination, *United States v. Brown*, 557 F.2d 541 (6th Cir. 1977), and the test is the "totality of the circumstances." *Arizona v. Fulminante*, 496 U.S. 903 (1991). Factors to be considered in assessing the voluntariness of a confession are the defendant's age, education and intelligence; whether the defendant was advised of his constitutional rights; the length of the questioning; the nature of the questioning; and the use, if any, of physical deprivation. *Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir. 1994)(citing *Schneckcloth v. Bustamonte*, 412 U.S. 218, 226 (1973). It is the United States' burden to prove the voluntariness of a confession, but only by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 482-84 (1972). Factual findings about a confession are reviewed for clear error while the ultimate question of voluntariness is

1

reviewed *de novo.* *United States v. Marks*, 209 F.3d 577 (6th Cir. 2000), cert. denied 531 U.S. 882 (2000).

2. A showing of police coercion is a necessary predicate to establishing involuntariness of a confession, and mental capacity is only one factor in determining voluntariness. *Colorado v. Connelly*, 479 U.S. 157 (1986). *Accord, United States v. Macklin*, 900 F.2d 948 (6th Cir. 1990). Coercive police activity must have been the "crucial motivating factor" behind the confession. *United States v. Newman*, 889 F.2d 88 (6th Cir. 1989). A defendant who advances no evidence of coercive police activity cannot obtain suppression of his statement. *United States v. Gatewood,* 230 F.3d 186 (6th Cir. 2000).

3. Statements volunteered by a defendant while he is in custody are not implicated by *Miranda*. "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility [is not implicated by *Miranda*]." *Rhode Island v. Innis*, 454, 469 (1981); *United States v. Murphy*, 107 F.3d 1199, 1204-05 (6th Cir. 1997)(where no questioning took place, defendant's voluntary statements made while in custody in police cruiser found admissible despite absence of *Miranda* warnings); *United States v. Montano*, 623 F.2d 147, 149 (6th Cir. 1980)(defendant's voluntary statements without pressure or questioning by an interrogator not implicated by *Miranda)*. When a defendant in custody receives and understands the *Miranda* warnings and then states he is unwilling to discuss certain topics, voluntary statements relative to other topics are admissible. *United States v. Hurst*, 228 F.3d 751, 75960 (6th Cir. 2000)(defendant's voluntary statement relative to a burglary was admissible where he declined to answer only questions about firearms).

4. The defendant verbally waived his *Miranda* rights on February 7, 2011, when he was interviewed by Kathryn Koehlinger Otto. The Sixth Circuit does not require a written waiver of

2

rights to establish a knowing, intelligent and voluntary waiver of *Miranda* rights. *United States v. Miggins*, 302 F.3d 384, 397 (6th Cir. 2002).

    5. Threats and promises of leniency are related concepts that are treated similarly under the law. They should be evaluated as factors in the totality of the circumstances in determining whether the confession is voluntary. *Arizona v. Fulminante*, 499 U.S. 279 (1991) (jailhouse informant promises to protect defendant from other inmates). *See also United States v. Johnson*, 351 F.3d 254 (6th Cir. 2003) (threat to arrest a third party does not render a confession involuntary if there was probable cause to arrest the third party); a promise to tell the prosecutor about the defendant's cooperation may be permissible. *United States v. Stokes*, 631 F.3d 802 (6th Cir. 2011). In order to render a confession inadmissible, the police statement must, in the totality of the circumstances, constitute a promise of leniency sufficient to overcome the defendant's will and render his admission involuntary. *Williams v. Withrow*, 944 F.2d 284 (6th Cir. 1991). This invokes a three-step inquiry: 1) did the officers engage in coercive activity; 2) was the defendant's state of mind such as to have been susceptible to coercion; and 3) whether the defendant has proven causation between the coercive activity and the confession, such that the police coercion was the 'crucial motivating factor' in the defendant's decision to confess. *United States v. Redditt*, 2003 WL 21212672 (6th Cir. 2003). Generally, promises of leniency are coercive only if "they are broken or illusory"; "promises to recommend leniency or speculation that cooperation will have a positive effect do not make subsequent statements involuntary." *United States v. Montgomery*, 2012 WL 3217117 (6th Cir. 2012)(quoting *United States v. Delaney* 443 Fed.Appx. 122, 129 (6th Cir. 2011).

3

Case 2:12-cr-00088-JRG-MCLC   Document 37   Filed 03/14/13   Page 3 of 4   PageID #: 129

Wherefore, premises considered, the United States respectfully requests that the Court deny the defendant's motion to suppress statements he made to law enforcement officers.

              RESPECTFULLY SUBMITTED

              WILLIAM C. KILLIAN
              United States Attorney


       By: *s/ Helen C.T. Smith*
          Helen Smith
          Assistant United States Attorney
          220 W. Depot St., Suite 423
          Greeneville, Tennessee 37743
          Tel. 423-823-5020

## Certificate of Filing and Service

I hereby certify that on March 14, 2013, a copy of the foregoing response was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by first class United States mail postage prepaid. Parties may access this filing through the Court's electronic filing system.

              *s/ Helen C.T. Smith*