# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:12-cr-88 |
| | ) |
| PATRICK MULLANE MAXFIELD | ) JUDGE GREER |

---

### UNITED STATES RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION TO SUPPRESS SEARCH WARRANTS EVIDENCE

---

The United States of America, by and through William C. Killian, United States Attorney for the Eastern District of Tennessee, responds in opposition to defendant's motion to suppress the evidence which was seized after execution of four Colorado state court search warrants.

1.  In his motion, docketed at D. 27, the defendant seeks to suppress evidence seized at the defendant's home on February 7, 2011, as the result of four search warrants issued by the El Paso County, Colorado district or county court.

2.  The Fourth Amendment to the United States Constitution provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend.IV.  Although the four search warrants were obtained in Colorado state court, they are tested in federal court by the requirements of the Fourth Amendment of the United States Constitution, not by state law.  *United States v. Shields*, 978 F.2d 943, 946 (6th Cir. 1992); *United States v. Allen*, 954 F.2d 1160, 1167 (6th Cir. 1992).

1

3.  Once a search warrant has been issued, "great deference" is due when reviewing a judicial officer's determination of probable cause. *Trinity Indus., Inc. v. Occupational Safety and Health Review Comm'n,* 16 F.3d 1455, 1459 (6th Cir. 1994)(affirming administrative law judge's decision denying a motion to suppress evidence obtained pursuant to an administrative inspection warrant); *United States v. Calloway*, 1 16 F.3d 1129, 1132 (6th Cir. 1997)(absent clear error magistrate judge's determination of probable cause must not be reversed), *cert. denied*, 522 U.S. 925 (1997); *United States v. Respress*, 9 F.3d 483, 487 (6th Cir. 1993); *United States v. Davidson,* 936 F.2d 856, 859 (6th Cir. 1991)(upholding search warrant and reaffirming that the courts should not "invalidate a warrant by interpreting an affidavit in a hyper technical, rather than a common sense, manner")(citation omitted).  "[T]he task of a reviewing court is not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984);  *see also Illinois v. Gates*, 462 U.S. 213, 231-38 (1983).  In the end, a warrant will be upheld if there was a " ' substantial basis for … concluding' that a search would uncover evidence of wrongdoing."  *United States v. Leake,* 998 F.2d 1359, 1363 (6th Cir. 1993) (quoting *United States v. Pelham*, 801 F.2d 875, 877-78 (6th Cir. 1986).

4.  The Supreme Court has defined probable cause to search as "a fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Padro*, 52 F.3d 120, 123 (6th Cir. 1995).  "The probable cause requirement … is satisfied if the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched."  *United States v. Beasase*, 521 F.2d

1306, 1307 (6th Cir. 1975). The degree of certainty required in an affidavit in support of a search warrant is not measured by a "more likely than not" inquiry. *Green v. Reeves*, 80 F.3d 1101, 1105 (6th Cir. 1996)(reversing district court's finding of no probable cause, holding it erred in applying a preponderance standard to the determination). "The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 1999); cert. denied, 531 U.S. 907 (2000). Further, "[w]hen reviewing probable cause, the Court may only look within the four corners of the affidavit." *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006).

5. Information provided by a citizen-informant in support of the affidavit has a high degree of reliability and will support probable cause. *United States v. Caruthers,* 458 F.3d 459, 465 (6th Cir 2006)(quoting *Florida v. J.L.*, 529 U.S. 266, 272 (2000)). Tips from identified citizens have a high indicia of reliability, in part because such witnesses risk adverse consequences for providing faulty information. *United States v. Miller,* 314 F.3d 265 (6th Cir. 2002).

6. In determining probable cause, "[a] judicial officer may rely on an experienced officer's conclusions based on the nature of the evidence and type of offense." *United States v. Stotts*, 176 F.3d 880, 885 (6th Cir. 1999); *United States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir. 1996)(upholding experienced narcotics officer's conclusion that a suspect's lies about his address indicated that additional evidence of drug trafficking could be found at his residence).

7. Under the good faith exception, suppression of evidence obtained from an invalidated search warrant "is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 926 (1984). The Sixth Circuit has noted the four

3

circumstances in which an officer's reliance on a search warrant would not be reasonable and under which the "good faith exception" would not apply: (1) the supporting affidavit contains information the affiant knew or should have known is false; (2) the issuing judicial officer lacked neutrality and detachment; (3) the affidavit is devoid of information that supports a probable cause determination, making any belief that probable cause exists completely unreasonable; and (4) the warrant is facially deficient. *United States v. Czuprynski,* 46 F. 3d 560, 563-64 (6th Cir. 1995)(quoting *Leon*, 468 U.S. at 923).

8. A warrant meets the particularity requirement "if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503 (1925); *United States v. Pelayo-Landero*, 285 F.3d 491, 495 (6th Cir. 2001). The description of the items to be seized must be only "as specific as the circumstances and the nature of the activity under investigation permit." *United States v. Henson*, 848 F.2d 1374, 1383 (6th Cir. 1988); *United States v. Evers*, 669 F.3d 645 (6th Cir. 2012)(upholding warrant to search computer). A court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." *Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004).

Wherefore, premises considered, the United States respectfully requests that the Court deny the defendant's motion to suppress evidence seized from the defendant's home as the result of four Colorado state court search warrants.

RESPECTFULLY SUBMITTED

WILLIAM C. KILLIAN
United States Attorney


By:     s/ Helen C.T. Smith
        Helen Smith
        Assistant United States Attorney
        220 W. Depot St., Suite 423
        Greeneville, Tennessee 37743
        Tel. 423-823-5020

Certificate of Filing and Service

I hereby certify that on March 14, 2013, a copy of the foregoing response was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by first class United States mail postage prepaid. Parties may access this filing through the Court's electronic filing system.


        s/ Helen C.T. Smith