UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA           )
                                   )
                                   )       2:12-CR-88
                                   )       JUDGE GREER
PATRICK MULLANE MAXFIELD           )

PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of
Tennessee, and the defendant, Patrick Mullane Maxfield, and the defendant's attorney, Harvey
Abe Steinberg, have agreed upon the following:

1.    The defendant will plead guilty to the following count in the indictment:

a) Count Five, the knowing receipt of child pornography in interstate commerce, in
violation of 18 U.S.C. §§ 2252A(a)(1) and (a)(2).

The punishment for this offense is as follows: The maximum penalty to which the
defendant will be exposed by virtue of the guilty plea is a minimum mandatory term of
imprisonment of not less than five years up to 20 years, a maximum fine of $250,000.00, a term
of up to life supervised release, and a mandatory assessment of $100.00.

2.    In consideration of the defendant's guilty plea, the United States agrees to move the
Court at the time of sentencing to dismiss the remaining counts against the defendant in this
indictment.

3.    The defendant has read the indictment, discussed the charges and possible defenses
with defense counsel, and understands the crimes charged. The defendant is pleading guilty
because the defendant is in fact guilty.

1

4.     In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a)     The defendant met codefendant April Nicole Bell in November 2008 via an online internet chatroom. At that time, defendant Maxfield resided in El Paso County, Colorado and Bell resided in Johnson County, Tennessee. This relationship continued until the defendant and Bell were arrested on the instant charges in September 2012.

b)     The relationship between defendant and Bell progressed and Bell traveled from the Eastern District of Tennessee to defendant's home at 1145 Modell Drive, Colorado Springs, in El Paso County, Colorado. The defendant and Bell became intimate. The defendant and Bell periodically met at defendant's home. When they were not physically together, the defendant and Bell communicated with each other on a regular basis via telephones, electronic mail, text messaging, instant messaging, and other means of electronic communications. The parties agree that these communications traveled in interstate commerce from the Eastern District of Tennessee to the District of Colorado and vice-versa.

c)     At all relevant times, Bell operated a personal computer from her home in the Eastern District of Tennessee, with access to the internet provided by Sprint, an internet service provider.

d)     From on or about August 1, 2009 to on or about October 31, 2009, Bell downloaded seven images of child pornography onto her personal computer located at 394 Old Butler Road, Apartment B, Mountain City, Johnson County in the Eastern District of Tennessee. Bell provided the seven images of child pornography to defendant by remotely accessing defendant's computer and storing these images on defendant's computer. At the time Bell transmitted these images to defendant's computer, the defendant knew that the seven images would be transported from the Eastern District of Tennessee to Colorado.

2

e)   The parties agree that between August 1, 2009 and February 1, 2011, defendant knowingly received the seven images of child pornography sent from Bell's computer. The parties agree that defendant knowingly received the seven images of child pornography on his computer contemporaneously with these events and that the defendant directed Bell to send the seven images of child pornography to him.

f)   The parties agree that defendant knowingly received seven images of child pornography from April Nicole Bell between August 1, 2009 and February 1, 2011 via the internet, which is a means of interstate commerce.

g)   The parties agree that the seven distributed images depict an actual minor engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(v) to include the lascivious exhibition of the genitals or pubic area of a minor.

h)   The defendant admits that at the time he received the seven images of child pornography, he was aware of their sexually explicit nature and character and he was aware that they depict an actual minor engaged in sexually explicit conduct, including the lascivious exhibition of the genitals or pubic area of a minor.

i)   The parties agree that defendant received the seven images of child pornography transported in interstate commerce from the Eastern District of Tennessee to the District of Colorado.

5.   The defendant understands that by pleading guilty the defendant is giving up several rights, including:

a)   the right to plead not guilty;

b)   the right to a speedy and public trial by jury;

c)   the right to assistance of counsel at trial;

d)   the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e)   the right to confront and cross-examine witnesses against the defendant;

3

f)    the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

g)    the right not to testify and to have that choice not used against the defendant.

6.    Pursuant to Rule 11(c )(1)(C ), the defendant and the United States agree that a sentence of sixty months imprisonment is the appropriate term of imprisonment for disposition of this case. Additionally, the Court may impose any lawful term of supervised release up to the statutory maximum of life, any lawful fine, and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7.    The defendant agrees to pay the special assessment in this case prior to sentencing.

8.    Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

4

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

9.     (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant agrees not to file a direct appeal of the defendant's convictions or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) as determined by the district court.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's convictions and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

10. The defendant acknowledges that he has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the

5

registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

11. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty pleas as agreed herein, moving to withdraw guilty pleas after entry), or by violating any court order or any local, state or federal law pending the resolution of this case, then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The

6

defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

12.    The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

13.    This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

Date    4|23|13

By:    _Helen Smith_

HELEN C.T. SMITH
Assistant United States Attorney

Date    4|23|13

PATRICK MULLANE MAXFIELD
Defendant

Date    4| 23 |13

HARVEY ABE STEINBERG
Attorney for the Defendant

7