1                      UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF TENNESSEE
2                          GREENEVILLE

3

UNITED STATES OF AMERICA,  .  DOCKET NO. CR-2-12-88
4                        .
        GOVERNMENT,           .
5                        .
           VS.          .  GREENEVILLE, TN
6                        .  APRIL 23, 2013
PATRICK MULLANE MAXFIELD,  .  9:00 A.M.
7                        .
        DEFENDANT.          .
8                        .
. . . . . . . . . .
9

10

11                TRANSCRIPT OF CHANGE OF PLEA
           BEFORE THE HONORABLE J. RONNIE GREER
12             UNITED STATES DISTRICT JUDGE

13

14  APPEARANCES:

15  FOR THE GOVERNMENT:    U.S. DEPARTMENT OF JUSTICE
                      OFFICE OF U.S. ATTORNEY
16                     HELEN C.T. SMITH, AUSA
                     220 WEST DEPOT STREET, SUITE 423
17                     GREENEVILLE, TN 37743

18  FOR THE DEFENDANT:     SPRINGER & STEINBERG, P.C.
                     HARVEY ABE STEINBERG, ESQ.
19                     1600 BROADWAY, SUITE 1200
                     DENVER, CO 80202
20

21

22  COURT REPORTER:        KAREN J. BRADLEY
                     RPR-RMR
23                     U.S. COURTHOUSE
                     220 WEST DEPOT STREET
24                     GREENEVILLE, TN 37743

25  PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
  PRODUCED BY COMPUTER.

```
 1        (CALL TO ORDER OF THE COURT AT 9:00 A.M.)

 2              THE COURT:  GOOD MORNING.

 3              MS. SMITH:  GOOD MORNING, JUDGE GREER.

 4              THE COURT:  MS. SMITH.

 5              MS. SMITH:  BEFORE WE START THE PROCEEDING, I'D

 6   LIKE TO INTRODUCE MR. HARVEY STEINBERG, WHO IS A MEMBER OF

 7   THE COLORADO BAR.  I'M SURE HE'S ADMITTED TO PRACTICE FOR

 8   THE DISTRICT COURT FOR THE DISTRICT OF COLORADO, AND I

 9   KNOW JUST FROM TALKING WITH HIM IN THE LAST FEW WEEKS HE'S

10   PROBABLY ADMITTED TO PRACTICE IN ALL 50 STATES AS WELL AS

11   GUAM AND PUERTO RICO FOR ALL I KNOW; BUT, ANYHOW, THIS IS

12   MR. STEINBERG.  THIS IS JUDGE GREER.

13              THE COURT:  GOOD MORNING, MR. STEINBERG.  GLAD

14   TO HAVE YOU HERE.

15              MR. STEINBERG:  FLATTERED BY THE INTRODUCTION,

16   ALBEIT A BIT EXAGGERATED.  YOU HAVE PREVIOUSLY APPROVED ME

17   PRO HAC VICE, AND I'M HOPING THAT WILL CONTINUE.

18              THE COURT:  IT WILL.

19              MR. STEINBERG:  THANK YOU, SIR.

20              THE COURT:  ALL RIGHT.  MS. HOPSON, WOULD YOU

21   CALL THE CASE, PLEASE.

22              THE CLERK:  USA V. PATRICK MULLANE MAXFIELD,

23   CASE NO. CR-2-12-88.

24        (DEFENDANT SWORN)

25                        EXAMINATION
```

BY THE COURT:

Q.    GOOD MORNING, MR. MAXFIELD.

A.    GOOD MORNING.

Q.    THE FEDERAL GRAND JURY IN THIS CASE HAS RETURNED A FIVE COUNT INDICTMENT CHARGING VARIOUS CHILD PORNOGRAPHY OFFENSES.  YOU ARE CHARGED IN COUNTS 1, 2 -- MY SCRIPT SAYS 1, 2, 3 AND 4, BUT YOU'RE CLEARLY CHARGED IN COUNT 5 OF THIS INDICTMENT, AND MY, MY SUMMARY ALSO SAYS YOU ARE PLEADING GUILTY TO A CHARGE OF DISTRIBUTING CHILD PORNOGRAPHY.  THAT'S INCORRECT; ISN'T IT, IT'S RECEIVING CHILD PORNOGRAPHY?

MS. SMITH:  THAT'S CORRECT.

ALL RIGHT.  LET ME START OVER, MR. MAXFIELD. IT'S MY UNDERSTANDING THAT YOU HAVE NOW ENTERED INTO A PLEA AGREEMENT WITH THE UNITED STATES AND THAT PURSUANT TO THAT PLEA AGREEMENT WITH THE GOVERNMENT YOU WISH TO CHANGE YOUR PLEA HERE TODAY TO A PLEA OF GUILTY AS TO COUNT 5 OF THE INDICTMENT IN THIS CASE WHICH CHARGES YOU WITH THE KNOWING RECEIPT OF CHILD PORNOGRAPHY IN INTERSTATE COMMERCE IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2252(A), (A)(1) AND (A)(2); IS THAT CORRECT?

A.    YES, YOUR HONOR.

Q.    ALL RIGHT.  BEFORE ACCEPTING THAT GUILTY PLEA, THERE ARE A NUMBER OF QUESTIONS I NEED TO ASK YOU TO ASSURE THAT THE PLEA IS A VALID ONE.  IF YOU DO NOT UNDERSTAND ANY

QUESTION, PLEASE ASK ME TO EXPLAIN IT TO YOU, AND YOU MAY

CONFER WITH YOUR ATTORNEY ON ANY QUESTION IF YOU FIND IT

NECESSARY TO DO SO; DO YOU UNDERSTAND THAT?

A.    YES, YOUR HONOR.

Q.    DO YOU UNDERSTAND THAT YOU ARE NOW UNDER OATH AND

THAT IF YOU ANSWER ANY OF MY QUESTIONS FALSELY, YOUR

ANSWERS MAY BE USED AGAINST YOU IN ANOTHER CRIMINAL

PROSECUTION FOR PERJURY OR FOR MAKING A FALSE STATEMENT?

A.    YES, YOUR HONOR.

Q.    HOW OLD ARE YOU, MR. MAXFIELD?

A.    THIRTY-FIVE.

Q.    WHAT EDUCATION DO YOU HAVE?

A.    I HAVE SOME COLLEGE EDUCATION.

Q.    ARE YOU NOW BEING TREATED OR HAVE YOU RECENTLY BEEN

TREATED FOR ANY MENTAL ILLNESS OR ADDICTION TO NARCOTIC

DRUGS OF ANY KIND?

A.    NO.

Q.    HAVE YOU TAKEN ANY DRUGS, MEDICINE, PILLS OR

ALCOHOLIC BEVERAGE OF ANY KIND IN THE LAST 24 HOURS?

A.    NO.

Q.    IS THERE ANYTHING ABOUT YOUR MENTAL OR PHYSICAL

CONDITION HERE TODAY WHICH WOULD MAKE IT DIFFICULT FOR YOU

TO UNDERSTAND THESE PROCEEDINGS, TO THINK CLEARLY OR TO

MAKE GOOD DECISIONS ABOUT YOUR OWN CASE?

A.    NO, SIR.

1    Q.    AND DO YOU IN FACT UNDERSTAND WHAT'S HAPPENING HERE

2    TODAY?

3    A.    YES, SIR.

4              THE COURT:  AND, MR. STEINBERG, DO YOU CONSIDER

5    THE DEFENDANT COMPETENT TO ENTER A PLEA OF GUILTY HERE

6    TODAY?

7              MR. STEINBERG:  I DO, SIR.

8    Q.    MR. MAXFIELD, HAVE YOU RECEIVED A COPY OF THE

9    INDICTMENT AGAINST YOU IN THIS CASE?

10   A.    YES, SIR.

11   Q.    HAVE YOU READ THIS INDICTMENT?

12   A.    YES, SIR.

13   Q.    HAVE YOU HAD SUFFICIENT TIME TO DISCUSS THIS CASE

14   WITH YOUR LAWYER?

15   A.    YES, SIR.

16   Q.    HAVE YOU TOLD YOUR LAWYER EVERYTHING YOU KNOW ABOUT

17   THIS CASE?

18   A.    YES, SIR.

19   Q.    DO YOU BELIEVE THAT YOUR LAWYER IS FULLY AWARE OF

20   ALL THE FACTS UPON WHICH THIS CHARGE IS BASED?

21   A.    YES, SIR.

22   Q.    HAS YOUR LAWYER ADVISED YOU AS TO THE NATURE AND

23   MEANING OF THE CHARGES AGAINST YOU IN THIS CASE?

24   A.    YES, SIR.

25   Q.    HAS YOUR ATTORNEY EXPLAINED TO YOU THE MEANING OF

1    ALL WORDS USED IN THIS INDICTMENT ABOUT WHICH YOU HAD ANY

2    QUESTION?

3    A.    YES, SIR.

4    Q.    HAS YOUR ATTORNEY ADVISED YOU AS TO EACH AND EVERY

5    ELEMENT OF THIS OFFENSE WHICH THE GOVERNMENT MUST PROVE

6    BEYOND A REASONABLE DOUBT IN ORDER TO OBTAIN A CONVICTION

7    AGAINST YOU IN THIS CASE?

8    A.    YES, SIR.

9    Q.    NOW, AS I INDICATED TO YOU EARLIER, MR. MAXFIELD,

10   THE INDICTMENT RETURNED BY THE GRAND JURY IN THIS CASE IS

11   A MULTI-COUNT INDICTMENT; HOWEVER, THE RELEVANT COUNT OF

12   THIS INDICTMENT FOR OUR PURPOSES HERE TODAY IS COUNT 5 OF

13   THE INDICTMENT.  FIRST OF ALL, THE INDICTMENT CONTAINS AN

14   INTRODUCTION WHICH IS THEN INCORPORATED BY REFERENCE INTO

15   EACH OF THE COUNTS OF THE INDICTMENT.

16        THE INTRODUCTION TO THE INDICTMENT READS AS

17   FOLLOWS:  AT ALL TIMES MATERIAL TO THIS INDICTMENT, ONE,

18   DEFENDANT APRIL NICOLE BELL OPERATED PERSONAL COMPUTERS

19   AND TELEPHONES FROM HER RESIDENCE LOCATED AT 394 BUTLER

20   ROAD, APARTMENT B, MOUNTAIN CITY, JOHNSON COUNTY,

21   TENNESSEE, WITH ACCESS TO THE INTERNET; TWO, DEFENDANT

22   PATRICK MULLANE MAXFIELD OPERATED PERSONAL COMPUTERS AND

23   TELEPHONE FROM HIS RESIDENCE LOCATED AT 1120 MODELL DRIVE,

24   COLORADO SPRINGS, EL PASO COUNTY, COLORADO, WITH ACCESS TO

25   THE INTERNET; AND, THIRD, THE INTERNET IS A MEANS OF

1  INTERSTATE COMMERCE.

2        NOW, COUNT 5 OF THE INDICTMENT READS AS

3  FOLLOWS:  ONE, PARAGRAPHS 1 THROUGH 3 FROM THE INTRO-

4  DUCTORY PARAGRAPHS ARE REALLEGED AND INCORPORATED AS FULLY

5  SET FORTH HEREIN; TWO, THE GRAND JURY CHARGES THAT FROM ON

6  OR ABOUT AUGUST 1, 2009, TO ON OR ABOUT FEBRUARY 7, 2011,

7  IN THE EASTERN DISTRICT OF TENNESSEE AND ELSEWHERE,

8  DEFENDANT PATRICK MULLANE MAXFIELD KNOWINGLY RECEIVED

9  CHILD PORNOGRAPHY AS DEFINED IN TITLE 18, UNITED STATES

10  CODE, SECTION 2256 SUBSECTION (8)(A), USING A MEANS OR

11  FACILITY OF INTERSTATE COMMERCE, OR IN OR AFFECTING

12  INTERSTATE COMMERCE BY ANY MEANS, INCLUDING BY COMPUTER,

13  AND THE PRODUCTION OF SUCH VIDEO DEPICTIONS INVOLVED THE

14  USE OF A MINOR ENGAGED IN SEXUALLY EXPLICIT CONDUCT AND

15  THE VISUAL DEPICTION IS OF SUCH CONDUCT, ALL IN VIOLATION

16  OF TITLE 18, UNITED STATES CODE, SECTIONS 2252(A), (A)(1)

17  AND (A)(2).  DO YOU UNDERSTAND THAT THAT'S WHAT COUNT 5 OF

18  THE INDICTMENT CHARGES?

19  A.    YES, SIR.

20  Q.    AND DO YOU UNDERSTAND THAT BEFORE YOU COULD BE

21  CONVICTED AS CHARGED IN COUNT 5 OF THE INDICTMENT, THAT IS

22  WITH THE KNOWING RECEIPT OF CHILD PORNOGRAPHY IN INTER-

23  STATE COMMERCE, THE UNITED STATES WOULD BE REQUIRED TO

24  PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE

25  DOUBT:  FIRST, THAT YOU KNOWINGLY RECEIVED ITEMS OF CHILD

1    PORNOGRAPHY AS CHARGED IN THE INDICTMENT; SECOND, THAT

2    SUCH ITEMS OF CHILD PORNOGRAPHY HAD BEEN TRANSPORTED AND

3    SHIPPED IN INTERSTATE COMMERCE BY A COMPUTER AS CHARGED;

4    AND, THIRD, THAT AT THE TIME OF SUCH RECEIPT YOU BELIEVED

5    THAT SUCH ITEMS CONSTITUTED OR CONTAINED CHILD

6    PORNOGRAPHY?

7    A.    YES, SIR.

8    Q.    NOW, I JUST USED SOME TERMS THAT I WANT TO DEFINE

9    FOR YOU, MR. MAXFIELD, TO MAKE SURE THAT YOU UNDERSTAND

10   WHAT THOSE TERMS MEAN.  FIRST OF ALL, I HAVE USED THE TERM

11   "RECEIVE" OR "RECEIPT OF", DO YOU UNDERSTAND THAT TO

12   RECEIVE MEANS TO KNOWINGLY ACCEPT OR TAKE POSSESSION OF

13   SOMETHING.  RECEIPT DOES NOT REQUIRE PROOF OF OWNERSHIP.

14   DO YOU UNDERSTAND THAT THAT'S WHAT "RECEIPT" MEANS, SIMPLY

15   MEANS TO ACCEPT IT OR TO TAKE POSSESSION OF IT?

16   A.    YES.

17   Q.    NOW, I'VE ALSO USED THE TERM "CHILD PORNOGRAPHY".

18   CHILD PORNOGRAPHY IS DEFINED IN THE STATUTE AS ANY VISUAL

19   DEPICTION INVOLVING ANY -- INCLUDING ANY PHOTOGRAPH, FILM,

20   VIDEO, PICTURE OR COMPUTER OR COMPUTER-GENERATED IMAGE OR

21   PICTURE, WHETHER MADE OR PRODUCED BY ELECTRONIC, MECHANI-

22   CAL OR OTHER MEANS OF SEXUALLY EXPLICIT CONDUCT WHERE THE

23   PRODUCTION OF SUCH VISUAL DEPICTION INVOLVES THE USE OF A

24   MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT.  DO YOU

25   UNDERSTAND THAT THAT'S HOW CHILD PORNOGRAPHY IS DEFINED IN

1    THE STATUTE?

2    A.    YES.

3    Q.    NOW, I'VE ALSO USED THE TERM "MINOR".  THE TERM

4    "MINOR" SIMPLY MEANS ANY PERSON UNDER THE AGE OF 18 YEARS;

5    DO YOU UNDERSTAND THAT?

6    A.    YES, SIR.

7    Q.    ALL RIGHT.  HAVE YOU AND YOUR ATTORNEY DISCUSSED ANY

8    POSSIBLE DEFENSES YOU MIGHT HAVE TO THIS CHARGE?

9    A.    YES.

10   Q.    NOW, AS I SAID EARLIER, MR. MAXFIELD, I UNDERSTAND

11   THERE IS A PLEA AGREEMENT.  IN FACT, THAT PLEA AGREEMENT

12   HAS BEEN HANDED TO ME THIS MORNING.  HAVE YOU READ THIS

13   PLEA AGREEMENT?

14   A.    YES, I HAVE.

15   Q.    AND HAS YOUR ATTORNEY EXPLAINED TO YOU ALL THE TERMS

16   AND CONDITIONS OF THE PLEA AGREEMENT YOU'VE ENTERED INTO

17   WITH THE UNITED STATES?

18   A.    YES, HE HAS.

19   Q.    DO YOU FULLY UNDERSTAND ALL THE TERMS AND CONDITIONS

20   OF THE PLEA AGREEMENT YOU'VE MADE WITH THE GOVERNMENT?

21   A.    YES.

22   Q.    AND IS THIS YOUR SIGNATURE ON THIS PLEA AGREEMENT

23   THAT'S BEEN HANDED TO ME THIS MORNING?

24   A.    YES.

25   Q.    ARE YOU SATISFIED WITH YOUR LAWYER'S REPRESENTATION

1  OF YOU IN THIS CASE?

2  A.    YES.

3         THE COURT:  AND, MR. STEINBERG, ARE YOU

4  SATISFIED THAT MR. MAXFIELD UNDERSTANDS THIS CHARGE, THE

5  ELEMENTS OF THE OFFENSE CHARGED AND THE LEGAL MEANING OF

6  ALL WORDS USED IN THE INDICTMENT?

7         MR. STEINBERG:  I AM.

8  Q.    NOW, MR. MAXFIELD, BY ENTERING A PLEA OF GUILTY HERE

9  TODAY, YOU WILL WAIVE OR GIVE UP CERTAIN RIGHTS THAT YOU

10  HAVE AS A CRIMINAL DEFENDANT IN THIS CASE.  I NEED TO ASK

11  YOU A SERIES OF QUESTIONS TO MAKE SURE THAT YOU UNDERSTAND

12  THE RIGHTS YOU ARE WAIVING BY ENTERING THIS GUILTY PLEA

13  HERE TODAY.  FIRST OF ALL, DO YOU UNDERSTAND THAT YOU HAVE

14  A RIGHT TO PLEAD NOT GUILTY TO ANY OFFENSE CHARGED AGAINST

15  YOU AND TO PERSIST IN THAT NOT GUILTY PLEA?

16  A.    YES, YOUR HONOR.

17  Q.    DO YOU UNDERSTAND THAT YOU WOULD THEN HAVE THE RIGHT

18  TO A TRIAL BY A JURY?

19  A.    YES, SIR.

20  Q.    DO YOU UNDERSTAND THAT DURING THAT JURY TRIAL YOU

21  WOULD HAVE THE RIGHT TO THE ASSISTANCE OF COUNSEL FOR YOUR

22  DEFENSE --

23  A.    YES.

24  Q.    -- COUNSEL APPOINTED BY THE COURT AND PAID FOR BY

25  THE GOVERNMENT IF YOU COULD NOT AFFORD TO HIRE YOUR OWN

1    ATTORNEY?

2    A.    YES, SIR.

3    Q.    DO YOU UNDERSTAND THAT DURING THAT JURY TRIAL YOU

4    WOULD HAVE THE RIGHT TO SEE AND HEAR THE GOVERNMENT'S

5    WITNESSES AGAINST YOU AND HAVE THOSE WITNESSES

6    CROSS-EXAMINED BY YOUR ATTORNEY IN YOUR DEFENSE?

7    A.    YES, SIR.

8    Q.    DO YOU UNDERSTAND THAT YOU WOULD HAVE THE RIGHT ON

9    YOUR OWN PART NOT TO TESTIFY AT TRIAL UNLESS YOU CHOSE TO

10   DO SO IN YOUR OWN DEFENSE?

11   A.    YES.

12   Q.    DO YOU UNDERSTAND THAT YOU WOULD HAVE THE RIGHT TO

13   THE ISSUANCE OF SUBPOENAS TO COMPEL THE ATTENDANCE OF

14   WITNESSES TO TESTIFY ON YOUR BEHALF AT TRIAL?

15   A.    YES, SIR.

16   Q.    NOW, VERY IMPORTANTLY, MR. MAXFIELD, DO YOU

17   UNDERSTAND THAT BY ENTERING A PLEA OF GUILTY HERE TODAY,

18   IF THE PLEA IS ULTIMATELY ACCEPTED BY THE COURT, THERE

19   WILL BE NO TRIAL IN YOUR CASE?

20   A.    YES, SIR.

21   Q.    AND DO YOU UNDERSTAND THAT BY ENTERING A PLEA OF

22   GUILTY HERE TODAY, YOU WILL HAVE WAIVED OR GIVEN UP THE

23   RIGHT TO A TRIAL OF ANY KIND, AS WELL AS ALL THESE OTHER

24   RIGHTS ASSOCIATED WITH A TRIAL THAT I'VE JUST DESCRIBED TO

25   YOU?

1   A.   YES, SIR.

2   Q.   DO YOU UNDERSTAND THAT YOU WILL ALSO BE GIVING UP

3   THE RIGHT NOT TO BE COMPELLED TO INCRIMINATE YOURSELF?

4   A.   YES, SIR.

5   Q.   AND DO YOU UNDERSTAND THAT YOU WILL BE GIVING UP THE

6   RIGHT TO REQUIRE THE UNITED STATES TO PROVE YOU GUILTY

7   BEYOND A REASONABLE DOUBT?

8   A.   YES, SIR.

9   Q.   HAS ANY PERSON, INCLUDING AN OFFICER OR AGENT OF THE

10  GOVERNMENT, PUT ANY PRESSURE ON YOU MENTALLY OR PHYSICALLY

11  TO FORCE YOU TO PLEAD GUILTY IN THIS CASE?

12  A.   NO, SIR.

13  Q.   MR. MAXFIELD, I AM AWARE THAT THE GOVERNMENT HAS

14  MADE CERTAIN PROMISES TO YOU IN THIS PLEA AGREEMENT, AS

15  WELL -- OR INCLUDING AN AGREEMENT BY THE GOVERNMENT THAT

16  PURSUANT TO RULE 11(C)(1)(C) OF THE FEDERAL RULES OF

17  CRIMINAL PROCEDURE THE SENTENCE TO BE IMPOSED IN THE CASE

18  WILL BE 60 MONTHS; BUT OTHER THAN ANY PROMISE CONTAINED IN

19  THIS PLEA AGREEMENT, HAS ANY OFFICER OR AGENT OF THE

20  GOVERNMENT PROMISED TO YOU OR SUGGESTED TO YOU THAT YOU

21  WILL RECEIVE A LIGHTER SENTENCE OR ANY OTHER FORM OF

22  LENIENCY IF YOU PLEAD GUILTY?

23  A.   NO.

24  Q.   ONCE AGAIN, ASIDE FROM THE PROMISES CONTAINED IN THE

25  PLEA AGREEMENT, HAVE ANY PROMISES OR THREATS OF ANY KIND

1  BEEN MADE BY ANYONE TO INDUCE YOU TO PLEAD GUILTY IN THIS

2  CASE?

3  A.   NO.

4  Q.   IN OTHER WORDS, IS IT YOUR FREE AND VOLUNTARY

5  DECISION TO ENTER A PLEA OF GUILTY HERE TODAY?

6  A.   YES.

7  Q.   ALL RIGHT, MR. MAXFIELD, I NOW STATE FOR THE RECORD

8  THAT THE COURT WILL REVIEW THE PLEA AGREEMENT IN THIS

9  CASE.  I ADVISE BOTH YOU AND COUNSEL THAT I AM NOT

10  REQUIRED TO ACCEPT THIS PLEA AGREEMENT AND THAT I WILL

11  DEFER MY DECISION ON WHETHER OR NOT TO ACCEPT OR REJECT

12  YOUR PLEA AGREEMENT UNTIL AFTER I HAVE RECEIVED A PRE-

13  SENTENCE REPORT COMPLETED BY THE UNITED STATES PROBATION

14  OFFICE; HOWEVER, IF I DO REJECT THIS PLEA AGREEMENT, YOU

15  WILL BE SO ADVISED HERE IN OPEN COURT AND YOU WILL BE

16  PERMITTED TO WITHDRAW YOUR GUILTY PLEA, DO YOU UNDERSTAND

17  THAT?

18  A.   YES.

19  Q.   NOW, AS I INDICATED, MR. MAXFIELD, YOU HAVE ENTERED

20  INTO A PLEA AGREEMENT HERE PURSUANT TO RULE 11(C)(1)(C) OF

21  THE FEDERAL RULES OF CRIMINAL PROCEDURE IN THAT YOU HAVE

22  AGREED WITH THE GOVERNMENT THAT A SPECIFIC SENTENCE IN THE

23  CASE, AT LEAST IN PART, THAT IS WITH RESPECT, AS I

24  UNDERSTAND IT, TO THE TERM OF IMPRISONMENT, BUT MAYBE NOT

25  TO OTHER PARTS OF THE SENTENCE, BUT AT LEAST AS TO THE

1  TERM OF IMPRISONMENT IN THIS CASE THAT THAT TERM, THAT

2  AGREED UPON TERM IS THE APPROPRIATE DISPOSITION OF THE

3  CASE; DO YOU UNDERSTAND THAT?

4  A.    YES.

5  Q.    AND DO YOU UNDERSTAND THAT IF, ON THE OTHER HAND, I

6  ACCEPT THIS PLEA AGREEMENT, I WILL BE REQUIRED TO IMPOSE

7  THE AGREED UPON TERM OF IMPRISONMENT?

8  A.    YES.

9  Q.    IN OTHER WORDS, I'LL HAVE NO DISCRETION TO SENTENCE

10  YOU TO ANY SENTENCE LESS THAN 60 MONTHS OR MORE THAN 60

11  MONTHS?

12  A.    YES.

13        THE COURT:  ALL RIGHT, MR. STEINBERG, DOES THE

14  DEFENDANT WAIVE ANY FURTHER FORMAL READING OF THE

15  INDICTMENT HERE TODAY?

16        MR. STEINBERG:  HE DOES, SIR.

17  Q.    NOW, MR. MAXFIELD, BEFORE I CAN ACCEPT YOUR GUILTY

18  PLEA HERE TODAY, I HAVE TO DETERMINE THAT THERE IS WHAT'S

19  CALLED AN ADEQUATE FACTUAL BASIS FOR THE GUILTY PLEA.  IN

20  OTHER WORDS, I NEED TO DETERMINE THAT THERE ARE SUFFICIENT

21  FACTS ESTABLISHED FROM WHICH THE COURT CAN DETERMINE

22  BEYOND A REASONABLE DOUBT THAT YOU HAVE IN FACT COMMITTED

23  THIS OFFENSE.  NOW, IT APPEARS THAT YOU HAVE ENTERED INTO

24  A STIPULATION OF FACTS WHICH IS CONTAINED IN THIS PLEA

25  AGREEMENT AT PARAGRAPH 4 FOR THE PURPOSE OF ESTABLISHING

1   THE REQUIRED FACTUAL BASIS IN THE CASE.  DID YOU READ

2   PARAGRAPH 4 OF THIS PLEA AGREEMENT VERY CAREFULLY?

3   A.    YES.

4   Q.    AND DID YOU REVIEW THE STIPULATION OF FACTS

5   CONTAINED IN PARAGRAPH 4 OF THE PLEA AGREEMENT WITH YOUR

6   ATTORNEY?

7   A.    YES.

8   Q.    DO YOU AGREE WITH THE SUMMARY OF WHAT YOU DID IN

9   THIS CASE THAT'S SET OUT IN PARAGRAPH 4 OF THIS PLEA

10  AGREEMENT?

11  A.    YES.

12  Q.    ARE ALL OF THE FACTS CONTAINED IN PARAGRAPH 4 OF

13  YOUR PLEA AGREEMENT TRUE?

14  A.    YES.

15  Q.    AND DO YOU STIPULATE HERE THIS MORNING UNDER OATH

16  THAT THE FACTS CONTAINED IN THIS STIPULATION IN PARAGRAPH

17  4 OF YOUR PLEA AGREEMENT ARE TRUE AND CORRECT?

18  A.    YES.

19  Q.    I ALSO NOTE HERE, MR. MAXFIELD, THAT PARAGRAPH 4 OF

20  THIS PLEA AGREEMENT PROVIDES THAT THESE STIPULATED FACTS

21  DO NOT NECESSARILY CONSTITUTE ALL OF THE FACTS IN THE CASE

22  AND THAT OTHER FACTS MAY BE RELEVANT TO SENTENCING.  DO

23  YOU UNDERSTAND THAT?

24  A.    YES.

25  Q.    IN OTHER WORDS, THERE COULD BE OTHER FACTS NOT SET

1  OUT IN THIS STIPULATION WHICH THE COURT WILL CONSIDER

2  AFTER THE PREPARATION OF THE PRESENTENCE REPORT IN

3  DETERMINING WHETHER OR NOT TO ACCEPT OR REJECT THIS PLEA

4  AGREEMENT, AND, THEREFORE, WHETHER OR NOT TO IMPOSE THE 60

5  MONTH AGREED UPON SENTENCE.

6  A.    YES.

7  Q.    ALL RIGHT, MR. MAXFIELD, HOW DO YOU PLEAD THEN AS TO

8  COUNT 5 OF THE INDICTMENT IN THIS CASE WHICH CHARGES YOU

9  WITH THE KNOWING RECEIPT OF CHILD PORNOGRAPHY IN INTER-

10  STATE COMMERCE IN VIOLATION OF TITLE 18, UNITED STATES

11  CODE, SECTIONS 2252(A), (A)(1) AND (A)(2), DO YOU PLEAD

12  GUILTY OR NOT GUILTY?

13  A.    GUILTY.

14  Q.    DO YOU UNDERSTAND WHAT IT IS YOU'RE PLEADING GUILTY

15  TO?

16  A.    YES.

17  Q.    ARE YOU OFFERING TO PLEAD GUILTY BECAUSE YOU ARE IN

18  FACT GUILTY?

19  A.    YES.

20        THE COURT:  ALL RIGHT, MS. SMITH, AS I

21  INDICATED, I'M AWARE THAT THIS IS A RULE 11(C)(1)(C) PLEA

22  AGREEMENT, BUT WOULD YOU PLEASE ADVISE THE DEFENDANT AS TO

23  THE MAXIMUM POSSIBLE PENALTY PROVIDED BY THE LAW FOR THIS

24  OFFENSE.

25        MS. SMITH:  I WILL, YOUR HONOR.

1    THE MAXIMUM PENALTY TO WHICH MR. MAXFIELD WILL

2  BE EXPOSED OR COULD BE EXPOSED, I ASSUME, BY VIRTUE OF THE

3  GUILTY PLEA IS A MINIMUM MANDATORY TERM OF IMPRISONMENT OF

4  NOT LESS THAN 5 YEARS UP TO 20 YEARS, A MAXIMUM FINE OF

5  $250,000, A TERM OF UP TO LIFETIME SUPERVISED RELEASE AND

6  A MANDATORY ASSESSMENT OF $100.

7    THE COURT:  AND AS I UNDERSTAND THIS PLEA

8  AGREEMENT, MS. SMITH, THERE IS AN AGREEMENT AS TO THE TERM

9  OF IMPRISONMENT TO BE IMPOSED, BUT THERE IS NO AGREEMENT,

10  AND THIS PLEA AGREEMENT, IN OTHER WORDS, LEAVES TO THE

11  COURT'S DISCRETION THE QUESTION OF ANY FINE AND ANY TERM

12  OF SUPERVISED RELEASE; IS THAT CORRECT?

13    MS. SMITH:  THAT'S CORRECT, YOUR HONOR.

14  Q.    ALL RIGHT.  MR. MAXFIELD, FIRST OF ALL, DO YOU

15  UNDERSTAND THAT THAT IS THE MAXIMUM SENTENCE THE COURT CAN

16  IMPOSE IN THIS CASE?

17  A.    YES.

18  Q.    VERY IMPORTANTLY, DO YOU UNDERSTAND THAT UNDER

19  FEDERAL LAW THERE IS A REQUIRED MANDATORY MINIMUM TERM OF

20  IMPRISONMENT OF AT LEAST 5 YEARS?

21  A.    YES.

22  Q.    AND IT IS THAT 5 YEAR STATUTORY MANDATORY MINIMUM

23  SENTENCE THAT YOU HAVE AGREED WITH THE GOVERNMENT IS AN

24  APPROPRIATE DISPOSITION IN THE CASE; DO YOU UNDERSTAND

25  THAT?

1    A.    YES.

2    Q.    NOW, AS MS. SMITH INDICATED, THE COURT ALSO MUST

3    IMPOSE A MANDATORY ASSESSMENT OF $100 AND CAN IMPOSE A

4    SUBSTANTIAL FINE UP TO $250,000 AND A LIFETIME TERM OF

5    SUPERVISED RELEASE.  AS I JUST STATED, DO YOU UNDERSTAND

6    THAT THE ISSUE OF WHAT IF ANY FINE TO BE IMPOSED AND THE

7    LENGTH OF ANY TERM OF SUPERVISED RELEASE IS LEFT TO THE

8    DISCRETION OF THE COURT UNDER THIS PLEA AGREEMENT?  IN

9    OTHER WORDS, I WILL DECIDE THOSE ISSUES AFTER A FURTHER

10   HEARING.

11   A.    YES.

12   Q.    DO YOU ALSO UNDERSTAND THAT IN APPROPRIATE CASES THE

13   COURT MUST ORDER RESTITUTION AND THAT CERTAIN OF YOUR

14   PROPERTY COULD BE SUBJECT TO FORFEITURE BECAUSE OF YOUR

15   GUILTY PLEA?

16   A.    YES.

17          THE COURT:  MS. SMITH, IS FORFEITURE OR

18   RESTITUTION AT ISSUE IN THIS CASE?

19          MS. SMITH:  NO, YOUR HONOR.  THERE WAS NONE

20   SOUGHT IN THE INDICTMENT.

21   Q.    ALL RIGHT.  NOW, MR. MAXFIELD, I WANT YOU TO BE

22   AWARE OF THE FACT THAT EVEN THOUGH THE GOVERNMENT DOES NOT

23   NOW SEEK RESTITUTION IN THE CASE, THAT DOES NOT PREVENT

24   THE MINOR VICTIM IN THIS CASE FROM FILING SOME CLAIM FOR

25   RESTITUTION OR SUING YOU CIVILLY; DO YOU UNDERSTAND

1    THAT?

2    A.    YES.

3    Q.    MR. MAXFIELD, IF YOUR PLEA IS ACCEPTED HERE TODAY,

4    YOU WILL BE ADJUDGED GUILTY OF A FELONY OFFENSE.  THIS

5    WILL CAUSE YOU TO LOSE CERTAIN VALUABLE CIVIL RIGHTS; SUCH

6    AS, THE RIGHT TO VOTE, THE RIGHT TO HOLD PUBLIC OFFICE,

7    THE RIGHT TO SERVE ON A JURY AND THE RIGHT TO POSSESS ANY

8    KIND OF FIREARMS.  KNOWING THOSE ADDITIONAL PENALTIES, DO

9    YOU STILL WANT TO PLEAD GUILTY HERE TODAY?

10   A.    YES.

11          THE COURT:  MS. SMITH, HAS THIS DEFENDANT

12   WAIVED ANY APPEAL RIGHTS OR RIGHTS TO FILE A SECTION 2255

13   MOTION IN THIS PLEA AGREEMENT?

14          MS. SMITH:  YES, HE HAS, YOUR HONOR.

15          PURSUANT TO PARAGRAPH 9, IN CONSIDERATION OF

16   THE CONCESSIONS MADE BY THE UNITED STATES IN THIS AGREE-

17   MENT AND AS A FURTHER DEMONSTRATION OF MR. MAXFIELD'S

18   ACCEPTANCE OF RESPONSIBILITY FOR THE OFFENSE COMMITTED, HE

19   HAS AGREED NOT TO FILE A DIRECT APPEAL OF HIS CONVICTION

20   OR SENTENCE, EXCEPT HE RETAINS THE RIGHT TO APPEAL A

21   SENTENCE IMPOSED ABOVE THE SENTENCING GUIDELINE RANGE OR

22   ANY APPLICABLE MANDATORY MINIMUM SENTENCE, WHICHEVER IS

23   GREATER, AS DETERMINED BY THE DISTRICT COURT.

24          IN ADDITION, MR. MAXFIELD KNOWINGLY AND VOLUN-

25   TARILY WAIVES THE RIGHT TO FILE ANY MOTIONS OR PLEADINGS

1    PURSUANT TO 28 U.S. CODE SECTION 2255 OR TO COLLATERALLY

2    ATTACK HIS CONVICTION AND/OR RESULTING SENTENCE.  THE

3    PARTIES AGREE THAT HE RETAINS THE RIGHT TO RAISE BY WAY OF

4    COLLATERAL REVIEW UNDER SECTION 2255 CLAIMS OF INEFFECTIVE

5    ASSISTANCE OF COUNSEL OR PROSECUTORIAL MISCONDUCT WHICH

6    ARE NOT KNOWN TO MR. MAXFIELD BY THE TIME OF THE ENTRY OF

7    JUDGMENT.

8              THE COURT:  THANK YOU, MS. SMITH.

9    Q.    MR. MAXFIELD, DO YOU UNDERSTAND THAT UNDER YOUR PLEA

10   AGREEMENT WITH THE GOVERNMENT YOU HAVE EXPRESSLY WAIVED

11   RIGHTS TO APPEAL OR TO COLLATERALLY ATTACK YOUR CONVICTION

12   OR THE RESULTING SENTENCE IN THIS CASE AS JUST STATED BY

13   THE UNITED STATES ATTORNEY AND AS SET OUT IN PARAGRAPH 9

14   OF THIS PLEA AGREEMENT?

15   A.    YES.

16   Q.    DID YOU READ PARAGRAPH 9 OF THE PLEA AGREEMENT

17   CAREFULLY?

18   A.    YES.

19   Q.    DID YOU REVIEW THE PROVISIONS OF PARAGRAPH 9 OF THIS

20   PLEA AGREEMENT WITH YOUR ATTORNEY?

21   A.    YES.

22   Q.    HAVE YOU AND YOUR ATTORNEY FULLY DISCUSSED THESE

23   WAIVERS OF YOUR RIGHTS TO APPEAL AND YOUR RIGHT TO

24   COLLATERALLY ATTACK YOUR CONVICTION OR THE RESULTING

25   SENTENCE IN THIS CASE?

1  A.    YES.

2  Q.    UNDER THE SENTENCING REFORM ACT OF 1984, THE UNITED

3  STATES SENTENCING COMMISSION HAS ISSUED SENTENCING GUIDE-

4  LINES FOR JUDGES TO CONSIDER IN DETERMINING SENTENCES IN

5  CRIMINAL CASES.   THE USE OF THESE GUIDELINES IS NO LONGER

6  MANDATORY, RATHER THEY ARE ADVISORY GUIDELINES ONLY;

7  HOWEVER, AS A GENERAL MATTER YOUR ADVISORY GUIDELINE

8  SENTENCING RANGE IS ONE OF THE FACTORS WHICH THE COURT IS

9  REQUIRED TO CONSIDER IN DETERMINING AN APPROPRIATE

10  SENTENCE IN YOUR CASE.

11          IN THIS PARTICULAR CASE, MR. MAXFIELD, THAT

12  ADVISORY GUIDELINE RANGE IS ALSO ONE OF THE FACTORS THE

13  COURT WILL CONSIDER IN DETERMINING WHETHER OR NOT TO

14  ACCEPT OR REJECT THIS RULE 11(C)(1)(C) PLEA AGREEMENT AND

15  ULTIMATELY WHETHER OR NOT TO IMPOSE THE AGREED UPON

16  SENTENCE.

17          HAVE YOU AND YOUR ATTORNEY TALKED ABOUT HOW

18  THESE ADVISORY GUIDELINES MIGHT APPLY IN THIS CASE?

19  A.    YES.

20  Q.    DO YOU UNDERSTAND THAT THE COURT CANNOT DETERMINE

21  THE ADVISORY GUIDELINE SENTENCING RANGE WHICH APPLIES TO

22  YOUR CASE AND, THEREFORE, DETERMINE AN APPROPRIATE

23  SENTENCE OR DETERMINE WHETHER TO ACCEPT THIS PLEA AGREE-

24  MENT UNTIL AFTER A PRESENTENCE REPORT HAS BEEN COMPLETED

25  BY THE UNITED STATES PROBATION OFFICE AND BOTH YOU AND THE

1   GOVERNMENT HAVE HAD AN OPPORTUNITY TO OBJECT TO ANY OF THE

2   CONTENTS OF THE PRESENTENCE REPORT?

3   A.    YES.

4   Q.    NOW, UNDER FEDERAL LAW, MR. MAXFIELD, THERE ARE A

5   NUMBER OF OTHER FACTORS WHICH THE COURT IS REQUIRED TO

6   CONSIDER IN DETERMINING THE SENTENCE TO BE IMPOSED IN A

7   CASE, AND MORE SPECIFICALLY TO YOUR CASE IN DETERMINING

8   WHETHER OR NOT TO ACCEPT OR REJECT THE PLEA AGREEMENT

9   YOU'VE ENTERED INTO.  THOSE OTHER FACTORS ARE LISTED AT

10  TITLE 18, UNITED STATES CODE, SECTION 3553(A), AND THEY

11  INCLUDE:  THE NATURE AND CIRCUMSTANCES OF THE OFFENSE;

12  YOUR HISTORY AND CHARACTERISTICS; THE NEED FOR THE

13  SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE

14  OFFENSE; TO PROMOTE RESPECT FOR THE LAW; TO PROVIDE JUST

15  PUNISHMENT FOR THE OFFENSE; TO AFFORD ADEQUATE DETERRENCE

16  TO CRIMINAL CONDUCT; TO PROTECT THE PUBLIC FROM FURTHER

17  CRIMES YOU MIGHT COMMIT; TO PROVIDE YOU WITH ANY NEEDED

18  EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE OR OTHER

19  CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER; THE

20  KINDS OF SENTENCES AVAILABLE; ANY PERTINENT POLICY STATE-

21  MENT ISSUED BY THE SENTENCING COMMISSION; THE NEED TO

22  AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS

23  WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR

24  CONDUCT; AND THE NEED, IF ANY, TO PROVIDE RESTITUTION TO

25  ANY VICTIMS OF THE OFFENSE.  DO YOU UNDERSTAND THAT THIS

1  COURT WILL CONSIDER ALL OF THOSE FACTORS, ALONG WITH YOUR

2  ADVISORY GUIDELINES RANGE, BEFORE DECIDING WHETHER OR NOT

3  TO ACCEPT OR REJECT THIS PLEA AGREEMENT AND, ULTIMATELY,

4  WHETHER OR NOT TO IMPOSE THE AGREED UPON 60 MONTH

5  SENTENCE?

6  A.    YES.

7  Q.    DO YOU UNDERSTAND THAT BEFORE I MAKE THE DECISION ON

8  WHETHER OR NOT TO ACCEPT OR REJECT THIS PLEA AGREEMENT, I

9  WILL ALSO CONSIDER ANY OTHER INFORMATION RELEVANT TO THAT

10  DECISION WHICH IS CALLED TO THE COURT'S ATTENTION BY

11  EITHER YOUR ATTORNEY OR BY THE UNITED STATES ATTORNEY?

12  A.    YES.

13  Q.    DO YOU ALSO UNDERSTAND THAT EVEN AFTER IT'S BEEN

14  DETERMINED WHAT ADVISORY GUIDELINE SENTENCING RANGE

15  APPLIES TO A CASE, THE COURT HAS THE AUTHORITY UNDER

16  CERTAIN CIRCUMSTANCES TO IMPOSE A SENTENCE THAT IS MORE

17  SEVERE THAN THE SENTENCE CALLED FOR IN THE ADVISORY

18  GUIDELINES?

19  A.    YES.

20  Q.    NOW, AS I'VE INDICATED TO YOU, MR. MAXFIELD, IF I

21  ULTIMATELY ACCEPT THIS RULE 11(C)(1)(C) PLEA AGREEMENT, I

22  WILL BE REQUIRED TO IMPOSE THE AGREED UPON 60 MONTH TERM

23  OF IMPRISONMENT; HOWEVER, IF THIS PLEA AGREEMENT WERE

24  REJECTED AND YOU CHOSE NOT TO WITHDRAW YOUR GUILTY PLEA,

25  OR IF YOU WITHDREW THE GUILTY PLEA AND WERE ULTIMATELY

1  CONVICTED OF THIS CHARGE, DO YOU UNDERSTAND THAT THE COURT

2  HAS THE AUTHORITY TO IMPOSE A 20 YEAR TERM OF IMPRISONMENT

3  IN THIS CASE?

4  A.    YES.

5  Q.    DO YOU ALSO UNDERSTAND THAT UNDER SOME CIRCUMSTANCES

6  YOU, SUBJECT, OF COURSE, TO THESE WAIVERS YOU HAVE AGREED

7  TO IN THIS PLEA AGREEMENT OR THE GOVERNMENT MAY HAVE THE

8  RIGHT TO APPEAL ANY SENTENCE THAT I DO ULTIMATELY

9  IMPOSE?

10  A.    YES.

11          THE COURT:  ALL RIGHT.  THE COURT HAS OBSERVED

12  THE APPEARANCE OF MR. MAXFIELD AND HIS RESPONSIVENESS TO

13  THE COURT'S QUESTIONS.  BASED UPON THESE OBSERVATIONS AND

14  HIS ANSWERS TO THE COURT'S QUESTIONS, THE COURT FINDS THAT

15  THE DEFENDANT IS IN FULL POSSESSION OF HIS FACULTIES AND

16  IS COMPETENT TO PLEAD GUILTY; THAT HE IS NOT UNDER THE

17  APPARENT INFLUENCE OF NARCOTICS, OTHER DRUGS OR ALCOHOL;

18  THAT HE KNOWINGLY WAIVES HIS CONSTITUTIONAL RIGHTS TO

19  TRIAL AND THE OTHER RIGHTS ACCORDED TO PERSONS ACCUSED OF

20  A CRIME; THAT HE UNDERSTANDS THE NATURE OF THE CHARGE TO

21  WHICH THE PLEA IS OFFERED AND THE MAXIMUM PENALTY PROVIDED

22  BY LAW FOR THIS OFFENSE; AND THAT HE HAS OFFERED TO PLEAD

23  GUILTY KNOWINGLY AND VOLUNTARILY.

24          ACCORDINGLY, MR. MAXFIELD, THE COURT WILL

25  ACCEPT YOUR PLEA OF GUILTY, AND YOU ARE HEREBY ADJUDGED

GUILTY OF COUNT 5 OF THIS INDICTMENT WHICH CHARGES YOU

WITH THE KNOWING RECEIPT OF CHILD PORNOGRAPHY IN SEPARATE

COMMERCE IN VIOLATION OF TITLE 18, UNITED STATES CODE,

SECTIONS 2252(A), SUBSECTION (A)(1) AND SUBSECTION (A)(2).

ALL RIGHT. BEFORE I RUN OFF WITH THIS PLEA

AGREEMENT, MS. HOPSON, LET ME HAND IT TO YOU FOR FILING.

ALL RIGHT. COUNSEL, HOW ABOUT SEPTEMBER 16 AT

9:00 FOR SENTENCING IN THIS CASE?

MR. STEINBERG: THAT'S FINE, JUDGE.

THE COURT: ALL RIGHT. MR. MAXFIELD, I WILL

SCHEDULE A SENTENCING HEARING IN YOUR CASE FOR SEPTEMBER

16, 2013, AT 9:00 A.M. HERE IN THIS COURT. I WILL ORDER

THE PREPARATION OF THE PRESENTENCE REPORT WE HAVE

DISCUSSED. A PROBATION OFFICER WILL CONTACT YOU SHORTLY

TO SCHEDULE AN INTERVIEW.

NOW, IT APPEARS FROM THE RECORD IN THIS CASE

THAT MR. MAXFIELD WAS PREVIOUSLY ORDERED DETAINED BY A

MAGISTRATE JUDGE AS A RISK OF FLIGHT AND AS A DANGER TO

THE COMMUNITY. IN ADDITION, MR. MAXFIELD HAS NOW BEEN

CONVICTED HERE TODAY OF AN OFFENSE WHICH SUBJECTS HIM TO

THE MANDATORY DETENTION PROVISIONS OF TITLE 18, UNITED

STATES CODE, SECTION 3143(A). FOR THOSE REASONS, MR.

MAXFIELD, I WILL ORDER YOUR CONTINUED DETENTION IN THE

CUSTODY OF THE UNITED STATES MARSHAL PENDING FURTHER

PROCEEDINGS IN THE CASE, AND YOU WILL BE REMANDED TO THE

1    MARSHAL'S CUSTODY.

2              ALL RIGHT.  THANK YOU ALL VERY MUCH.

3              MR. STEINBERG:  THANK YOU.

4              THE COURT:  MR. STEINBERG, THANK YOU FOR

5    TRAVELING HERE, GETTING THIS ALL WORKED OUT.

6              THE DEFENDANT:  THANK YOU VERY MUCH.

7              THE COURT:  NICE TO SEE YOU.

8              MR. STEINBERG:  NICE TO SEE YOU.

9              THE COURT:  HAVE A SAFE TRIP HOME.

10             MS. SMITH, THANK YOU VERY MUCH.

11         (PROCEEDINGS ARE CONCLUDED AT 9:30 A.M.)

12   I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

13   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

14

15

16   KAREN J. BRADLEY/S                    12/2/13
     SIGNATURE OF COURT REPORTER               DATE
17

18

19

20

21

22

23

24

25