UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| PATRICK MULLANE MAXFIELD,  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>Respondent.  ) | Nos. 2:12-cr-88-02, 2:15-cv-193<br>Judge Greer |

**RESPONSE TO PETITIONER'S MOTION
FILED PURSUANT TO 28 U.S.C. § 2255**

The United States of America hereby responds in opposition to petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**FACTUAL AND PROCEDURAL HISTORY**

In April 2013, petitioner pleaded guilty, pursuant to a plea agreement with the United States, to knowing receipt of child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(1) and (a)(2). (R. 50, Plea Agreement; R. 82, Plea Tr.) Specifically, he directed co-defendant April Nicole Bell to send him seven images of child pornography and thereafter received those images from Bell. (R. 50, Plea Agreement at 2-3.) The images depicted Bell's minor daughter, then approximately five years old. (Presentence Report ("PSR") at ¶¶ 25, 27.) The parties stipulated, pursuant to Rule 11(c)(1)(C), that an appropriate term of imprisonment was the statutory mandatory minimum of 60 months, but that the district court, in its discretion, could also "impose any lawful term of supervised release up to the statutory maximum of life." (R. 50, Plea Agreement at ¶ 6.) Consistent with that agreement, petitioner was ultimately sentenced to 60 months' imprisonment, below the advisory Guidelines range applicable to him, followed by lifetime supervised release. (R. 67, Judgment.) The Court also ordered, as a special

condition of supervised release, that petitioner "have no contact with [co-defendant] April Nicole Bell or her family including the minor victim."[1] (*Id*. at 4; *see also* R. 83, Sent. Tr. at 17.) That condition was based upon the specific facts of this case, in that investigation had revealed that petitioner was engaged in a sexual relationship with Bell, was grooming Bell's young child for "hands-on sexual abuse," and even possessed a written "contract" from Bell purporting to authorize petitioner to sexually abuse that child. (PSR at ¶¶ 16-27; R. 83, Sent. Tr. at 11-12; *see also id*. at 6 (petitioner's counsel agreeing that this case involved "horrific facts").)

Petitioner sought to appeal the duration of his supervised release and the special condition barring contact with Bell, but the Sixth Circuit dismissed the appeal pursuant to the enforceable appeal-waiver provision in the plea agreement. (R. 86, Sixth Circuit Order.) This § 2255 motion timely followed.[2] (R. 100, § 2255 Motion; R. 101, Memorandum in Support; *see also* R. 99-1, Affidavit in Support.)

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to

---

[1] The Court had already ordered, as a condition of Bell's supervised release, that she have no contact with petitioner. (R. 83, Sent. Tr. at 14-15.) And it is a standard condition of release, which was also imposed upon petitioner and Bell, that a defendant "not associate with any person convicted of a felony unless granted permission to do so by the probation officer." (R. 67, Judgment at 3.)

[2] Petitioner also filed an earlier motion to modify the conditions of his supervised release, a motion which remains pending before the Court, but that motion failed to identify any statutory authority upon which this Court could grant the requested relief. (R. 93, Motion.) Because the substance of that motion is nearly identical to the § 2255 motion, the United States submits that resolution of petitioner's § 2255 motion would render moot petitioner's other pending motion.

2

render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). He must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id*., as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden to show otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance). Second, petitioner must establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment . . . if the error had no effect on the judgment." *Id*. at 691; *accord Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland*], the inability to prove either one of the prongs – regardless of which one – relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original); *accord Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

3

## ARGUMENT

Petitioner contends that counsel was ineffective in two respects: for allowing petitioner to plead guilty to a plea agreement containing an appeal-waiver provision without first warning him about the possibility of a lifetime no-contact order with co-defendant Bell, and for not disputing the legality of that condition of supervised release during the sentencing hearing. Neither of petitioner's claims establish any basis upon which relief may be granted.

1. <u>Counsel did not render deficient performance by not predicting a special condition of supervised release imposed by this Court.</u>

Petitioner claims that counsel was ineffective for allowing him to plead guilty without ensuring that he would be able to appeal a later-imposed special condition of his supervised release, or, in the alternative, for not seeking reinstatement of limited appellate rights as to that issue. (R. 100, § 2255 Motion at 4; R. 101, Memorandum in Support at 5.) He asserts that, had he known he could be barred from contacting Bell, he would have refused to plead guilty pursuant to an agreement that waived his right to appeal such a ruling.[3] (R. 100, § 2255 Motion at 4.) He also suggests that his appeal-waiver was unknowing and involuntary, because he did not know the supervised-release conditions that would be later imposed by the Court. (R. 101, Memorandum in Support at 6-8.)

The level of clairvoyance petitioner apparently expects from his counsel is unreasonable; counsel's failure to anticipate that petitioner would receive lifetime supervision, or that he would be barred from contacting Bell and from associating with any other felons, does not mean that

---

[3] Petitioner says he would have preferred to plead guilty as charged, without the benefit of the plea agreement (R. 100, § 2255 Motion at 4; R. 101-1, Affidavit at 2), even though the Rule 11(c)(1)(C) plea agreement negotiated by counsel obtained several quantifiable benefits for petitioner, in that two counts were dismissed and he received a below-guidelines term of imprisonment. Of course, the Court could have legitimately imposed the same supervised-release conditions regardless of the manner by which petitioner was convicted.

4

counsel was constitutionally ineffective, nor that petitioner's guilty plea was unknowing or involuntary. Indeed, knowledge about the duration or conditions of supervised release is *never* required for a plea to be found knowing and voluntary; a defendant need only be advised of the statutorily-authorized range of punishment and the Court's obligation to consider the factors under 18 U.S.C. § 3553(a) before imposing sentence. Fed. R. Crim. P. 11(b)(1). Even if petitioner received "no counseling" about the possible conditions of supervised release before he pleaded guilty, as he claims (R. 101-1, Affidavit at 2), that omission did not negate the validity of his guilty plea. That is because a "defendant need only be aware of the *direct* consequences of the plea [and need not be] inform[ed] of all the possible *collateral* consequences of the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994) (emphasis added). The Sixth Circuit has previously determined that the conditions of supervised release are collateral consequences. *See*, *e.g.*, *United States v. Daas*, No. 95-3310, 1995 WL 583384, at *2-*3 (6th Cir. Oct. 3, 1995). Accordingly, and contrary to petitioner's assertion that there is "no excuse for [counsel's] failure to inform his client of the possibility of a No-Contact Order" (R. 101, Memorandum in Support at 8), petitioner has not established any deficiency in counsel's performance before entry of the guilty plea.

    Nor was counsel deficient for not requesting "limited appeal rights" from the Court. (R. 101, Memorandum in Support at 8.) Even now, he has not identified any legal authority upon which this Court could have modified the terms of the plea agreement to favor petitioner and permit appeal, so counsel was not ineffective for not pursuing a meritless claim. *E.g.*, *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003) (counsel is "not required by the Constitution to raise frivolous . . . arguments to avoid a charge of ineffective representation"); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) (same); *Krist v. Foltz*, 804 F.2d 944, 946-47

(6th Cir. 1986) ("An attorney is not required to present a baseless defense or to create one that does not exist."). As the Sixth Circuit has previously explained, "courts may not modify plea agreements." *United States v. Sarlog*, 422 F. App'x 399, 403 (6th Cir. 2011). This is not a case in which the Court's statements before entry of the guilty plea rendered the plea involuntary; rather, this is a case in which, having obtained the benefit of a Rule 11(c)(1)(C) plea agreement, petitioner wished to appeal a condition of supervised release that he deemed objectionable. Counsel's inability to circumvent the enforceable appeal-waiver provision in the plea agreement does not amount to constitutionally ineffective assistance, so petitioner's claim must be rejected.

2. <u>Petitioner cannot establish prejudice from counsel's failure to dispute the constitutionality of the no-contact-with-Bell condition during the sentencing hearing.</u>

Petitioner next faults counsel for not specifically arguing "against the legality" of the special condition that prevents him from contacting Bell, his co-defendant and common-law wife. (R. 101, Memorandum in Support at 8.) The record shows that counsel viewed any objection to that condition as moot, because the Court had already ordered that Bell have no contact with petitioner and because such an order was obviously reciprocal, in that neither defendant could contact the other without violating the Court's order. (R. 83, Sent. Tr. at 15.) To the extent petitioner faults counsel for not arguing that the special condition violated a fundamental constitutional right, because of his alleged common-law marriage to Bell, petitioner has not shown that the outcome of the proceedings would have been different had counsel made such an argument. (*See generally* R. 101-2, Memorandum.) Petitioner presented that precise argument on direct appeal, and, although the Sixth Circuit ultimately dismissed the appeal pursuant to the appeal-waiver provision in the plea agreement, the Sixth Circuit noted that "the condition addresses [a] valid concern" and thus was not erroneously imposed. (R. 86, Sixth

6

Circuit Order at 2.) Because petitioner has not shown that the outcome of the proceedings would have been different, he has not shown *Strickland* prejudice, and his claim must be denied.

## CONCLUSION

For the foregoing reasons, petitioner's § 2255 motion should be denied.

Respectfully submitted,

William C. Killian
United States Attorney

By: *s/ Helen C.T. Smith*
Helen C.T. Smith
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on September 18, 2015, this response was filed electronically and a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

Patrick Mullane Maxfield
No. 38831-013
F.C.I. Marianna
Federal Correctional Institution
P.O. Box 7007
Marianna, FL  32447

*s/ Helen C.T. Smith*
Helen C.T. Smith
Assistant United States Attorney